# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RONALD JEROME KNIGHT, : | |
| BOP REG. NO. 54045-019, : | PRISONER CIVIL RIGHTS |
|     Plaintiff, : | 28 U.S.C. § 1331 |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-1041-MHS |
| FEDERAL BUREAU OF : | |
| PRISONS; LOREN A. GRAYER; : | |
| KEITH ROY; B.W. BRYANT; : | |
| LT. WARD; DR. CLAY NASH; : | |
| JAMES MORAN; and H. LICON, : | |
|     Defendants. : | |

## ORDER AND OPINION

Plaintiff Ronald Jerome Knight ("Plaintiff"), a federal prisoner, has filed this *pro se* civil rights action. The matter is before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be

granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

The Supreme Court has previously held that the violation of a person's constitutional rights by a federal official may give rise to an action for damages in federal court, pursuant to 28 U.S.C. § 1331. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-96 (1971). Because the causes of action brought pursuant to *Bivens* and 42 U.S.C. § 1983 are similar, courts "general apply § 1983 law to *Bivens* cases." *Wilson v. Blakenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (internal quotation omitted). To succeed on a claim brought under *Bivens* or 42 U.S.C. § 1983, "a plaintiff must show that the violative conduct 'was committed by a person acting under [] color of [] law' and that the 'conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint should be dismissed, pursuant to 28 U.S.C. § 1915A. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although . . . we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

II.  Discussion

   A.  Plaintiff's Allegations

Plaintiff alleges that on May 15, 2009, while confined at the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta"), that Defendant B.W. Bryant, a correctional officer, falsely charged him with being in possession of a cell phone. (Doc. 1 at 2; Doc. 1, attached denial of appeal by the National Inmate Appeals Administrator.) After being found guilty of possessing a cell phone, Plaintiff was confined for six months in the prison's Special Housing Unit ("SHO") "in unsanitary conditions." (Doc. 1 at 2.) Plaintiff also alleges that prison officials did not take him to a medical facility outside of the prison for unspecified, "pre-

3

approved surgeries" that were scheduled for March 18, 2009. (*Id.* at 2-3.) Plaintiff does not explain why he needs these surgeries.

Plaintiff alleges that he was not permitted to present evidence, apparently discovered after his disciplinary hearing, to prison officials. (Doc. 1 at 2.) In his appeal of the decision to discipline him, Plaintiff states that the new evidence consists of several witnesses who can identify the owner of the cell phone. (Doc 1, attached appeal at 2.)

Approximately six months after being disciplined, Plaintiff was transferred to the Federal Correctional Institution in Texarkana, Texas ("FCI-Texarkana"). (*Id.* at 2-3.) Plaintiff alleges that Defendant Keith Roy, the Warden at FCI-Texarkana, and Defendant Clay Nash, a physician at FCI-Texarkana, denied Plaintiff's requests for his "needed surgeries." (*Id.* at 3.)

Plaintiff contends that he was denied due process during his disciplinary hearing. (*Id.*) Plaintiff also claims that Defendants at USP-Atlanta and FCI-Texarkana have been deliberately indifferent to his unspecified medical needs. (*Id.*) As relief, Plaintiff seeks a "settlement . . . in the amount of $5,000,000.00" and to have the unspecified surgeries performed. (*Id.* at 6.)

4


B.   Analysis

1.   Denied Medical Care

Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs. The Supreme Court has previously held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on a claim of deliberate indifference to serious medical needs, a prisoner "must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser International, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

"A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1307 (internal quotation omitted). Plaintiff has only alleged that he was approved for unspecified surgery outside the prison. Plaintiff has not alleged any facts indicating that surgery is needed to treat a serious medical condition, and this Court is "not permitted to read into the complaint facts that are not there." *Beck v. Interstate Brands Corp.*,

5

953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam). Even if Plaintiff had alleged a serious medical condition, he must still show that the delay in receiving medical treatment worsened the condition in order to state a claim of deliberate indifference. *Mann*, 588 F.3d at 1307. Plaintiff has not attempted to make this showing. For these reasons, Plaintiff's claim of deliberate indifference to his serious medical needs should be summarily dismissed.

    2.    Disciplinary Hearing

Plaintiff alleges that he was denied due process, because he was not permitted to have witnesses testify that another inmate owned the cell phone that Plaintiff was found guilty of possessing. Relevant to this action, there are two ways prison officials deprive a prisoner of a liberty interest protected by the Due Process Clause. First, a liberty interest "may arise from an expectation or interest created by [] laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). For example, a prisoner has a liberty interest in not having previously earned good-time credits revoked. *Wolf v. McDonnell*, 418 U.S. 539, 557 (1974). A prisoner also has a liberty interest in not being subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Wilkinson*, 545 U.S. at 223 (internal quotation omitted). To determine whether

segregated confinement in a prison constitutes an atypical hardship, a federal court should examine "the nature of those conditions themselves in relation to the ordinary incidents of prison life." *Id.* (internal quotation omitted).

Plaintiff has not alleged that Defendants revoked any of his earned good-time credits or denied him any other expectation or interest created by federal law or prison policy. Beyond his conclusory claim of living in unsanitary conditions, Plaintiff has not alleged facts suggesting that confinement in the SHO is an atypical hardship. However, the six months Plaintiff was allegedly held in the SHO may state a claim of being denied a liberty interest. *Compare Sandin v. Conner*, 515 U.S. 472 (1996) (no protected liberty interest in being in segregated confinement for 30 days) *with Williams v. Fountain*, 77 F.3d 372 (11th Cir. (1996) (one-year in solitary confinement is an atypical hardship); *Wallace v. Hamrick*, 229 F. App'x 827 (11th Cir. Apr. 9, 2007) (prisoner who alleged being held in administrative segregation for 28 days without hot water and adequate ventilation while awaiting disciplinary hearing stated an actionable claim of being denied a protected liberty interest).

Assuming without deciding that Plaintiff has alleged that he was deprived of a liberty interest, he has failed to allege that he was denied the safeguards

7

required by the Due Process Clause at his disciplinary hearing. When a prison disciplinary hearing implicates a liberty interest, a prisoner is entitled to: (1) written notice of the disciplinary charges at least 24 hours prior to the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolf*, 418 U.S. at 563-66; *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985) (the decision to discipline a prisoner must be "supported by some evidence in the record"); *Kenney v. Barron*, 239 F. App'x 494, 495 (11th Cir. June 22, 2007) (unpublished opinion).

Plaintiff's allegations concerning newly discovered evidence relate to the requirement that Defendants permit him to present evidence at the disciplinary hearing. Plaintiff acknowledges that he was given the opportunity to present witnesses at his disciplinary hearing. (Doc. 1 at 3.) Plaintiff has provided copies of his denied appeals, and they state that (1) he was given the opportunity to present a list of witnesses, (2) he asked that one witness be called, (3) the witness provided a statement, (4) disciplinary hearing officers considered the witness's

8

statement before reaching their decision, and (5) the greater weight of the evidence supported the decision to discipline Plaintiff. (Doc. 1, attached denial of appeal by the Regional Director; Doc. 1, attached denial of appeal by the National Inmate Appeals Administrator.) Plaintiff does not allege that the findings set forth in the denial of his appeals are incorrect. Plaintiff also fails to state whether the lone witness's statement concerned the ownership of the cell phone. More important, Plaintiff was not charged with being the owner of a cell phone. Plaintiff was charged with being in *possession* of a cell phone. Prison officials were not required to have "some evidence" that Plaintiff owned the cell phone in order to find that he possessed it. *See Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007) (contraband found among prisoner's belongings that were not in his actual possession constituted "some evidence"); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) ("some evidence" standard met when contraband was found in a four-person cell); *Flannagan v. Tamez*, Case No. 09-10322, 2010 WL 759159, at *2 (5th Cir. Mar. 5, 2010) (cell phone found in a common area accessible to five inmates was "some evidence" of constructive possession, even if one of Flannagan's cell-mates confessed to placing the cell phone in the common area) (unpublished opinion); *Robinson v.*

9

*Warden*, 250 F. App'x 462, 464 (3d Cir. Oct. 11, 2007) (cell phone found in Prisoner's secured wall locker constituted "some evidence" of possession, even though prison officials did not prove the prisoner owned the cell-phone) (unpublished opinion). Plaintiff does not allege that he was denied the opportunity to present evidence during, or after, his disciplinary hearing that he did not possess the cell phone. Accordingly, Plaintiff has failed to allege facts which, if proven, would demonstrate that he was denied due process at his disciplinary hearing.

III.   Conclusion

**IT IS ORDERED** that this *pro se* civil rights complaint [1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action *in forma pauperis*.

The Clerk of this Court is **DIRECTED** to re-file this action as being brought pursuant to 28 U.S.C. § 1331.

**IT IS SO ORDERED**, this 4 day of May, 2010.

_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE